# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:00-CR-9(2) |
| | § | |
| TRACY WILLIAMS | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On June 16, 2010, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Carol Wheeler. Defendant was represented by John Stroud.

Tracy Williams ("Defendant" or "Mr. Williams") was sentenced on July 9, 2001, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of distribution of cocaine base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. Upon motion of the defendant, and as a result of the defendant's serious medical condition, the Court downwardly departed from the guideline imprisonment range. Mr. Williams was subsequently sentenced to 60 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include no illegal possession or use of a controlled substance; drug aftercare; mental health aftercare; and a $100 special assessment. On February 4, 2005, Mr. Williams completed his period of imprisonment and began service of the supervision term.

In its petition to revoke, the Government alleges Defendant violated the following conditions

of his supervision:

1) **Defendant shall not commit another federal, state, or local crime.** Specifically, the Government alleges as follows. On June 2, 2009, Mr. Williams was arrested by the Texarkana Police Department and charged with possessing an instrument of crime. While being arrested for an outstanding traffic citation, a drug pipe was found on Mr. Williams' person. On June 4, 2009, Mr. Williams pled guilty and was subsequently sentenced to serve one year on probation.

2) **Defendant shall not commit another federal, state, or local crime.** Specifically, the Government alleges as follows. On October 4, 2009, Mr. Williams was arrested by the Texarkana Police Department and charged with rape. As of the date of the petition, Mr. Williams was being held on a $100,000 bond, and the Arkansas state charge was still pending.[1]

3) **Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer**. Specifically, the Government alleges as follows. On June 10, 2009, Mr. Williams admitted to using marijuana on June 1, 2009. On August 3, 2009, Mr. Williams submitted a urine specimen which tested positive for marijuana and cocaine. Mr. Williams admitted to said use.

4) **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** Specifically, the Government alleges as follows. According to Texarkana Police Department records, Mr. Williams was questioned by detectives on September 5, 2009 regarding the alleged rape of his daughter. Mr. Williams did not

---

[1] Mr. Williams subsequently pled guilty and was sentenced to 22 years imprisonment in the State of Arkansas, Miller County Cause No. CR2009-594-3.

report this contact to the U.S. Probation Office.

The Court scheduled a revocation hearing June 16, 2010. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the second allegation contained in the Government's petition. The Government dismissed the remaining allegations. Based upon Defendant's plea of true to the second allegation, the Court found Defendant did violate his conditions of supervised release as alleged in the second allegation in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence, which was agreed upon by the parties, be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty-three (33) months to run concurrent with the sentence imposed in the State of Arkansas, Miller County Cause No. CR2009-594-3, with a two-year term of supervised release to follow said term of imprisonment. [2] The Court further recommended as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

Under the guidance and direction of the U.S. Probation Office, Defendant shall participate

---

[2] To the extent Defendant's state imprisonment term extends two years past the 33-month sentence recommended herein, the two-year term of supervised release would not apply.

in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance. Defendant shall be ineligible for any or all federal benefits for five (5) years, effective immediately. Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the second allegation be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty-three (33) months to run concurrent with the sentence imposed in the State of Arkansas, Miller County Cause No. CR2009-594-3, with a two-year term of supervised release to follow said term of imprisonment. It is further

**RECOMMENDED** that the Court impose the conditions of supervised release outlined above.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed.

Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 16th day of June, 2010.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE